IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>CHRISTOPHER SCOTT ROYCE<br><br>Defendant. | Case No. 22-CR-163-JFH |

## OPINION AND ORDER

Before the Court is a Motion to Suppress Evidence ("Motion") filed by Defendant Christopher Scott Royce ("Defendant"). Dkt. No. 48. The United States of America ("Government") filed a Response in Opposition ("Response"). Dkt. No. 51. For the following reasons, Defendant's Motion [Dkt. No. 48] is DENIED.

## BACKGROUND

On May 6, 2022, the Broken Arrow Police Department obtained a search warrant for a residence located at 513 North Village Avenue, Broken Arrow, Oklahoma ("Residence") on information that the Residence contained "Fentanyl, [and] fruits and instrumentalities related to the possession, use and/or sale of Fentanyl . . . ." *See* Dkt. No. 48-2. The search warrant was issued based upon the affidavit submitted on May 6, 2022 by Detective Jake Westerfield ("Detective Westerfield") [Dkt. No. 48-1] ("Affidavit"), which set forth the following information:

1. A week prior to the submission of the Affidavit, the Broken Arrow Special Investigations Unit learned from a confidential informant that a truck driver who conducted business at Napco, a business located at 1701 East Houston Street, Broken Arrow, Oklahoma, was approached by a Napco employee who offered to sell him fentanyl pills. The employee identified himself to the truck driver as "Yankee" and indicated that he was a member of the Irish mob.

2. In 2018, Detective Westerfield participated in a search warrant service and investigation on the Residence. During the execution of that warrant, Defendant was located in a bedroom of the Residence with a firearm and trafficking amounts of amphetamine. It was learned during the course of that investigation that Defendant used the alias "Yankee" and was a member of the Irish Mob.

3. Forty-eight (48) hours prior to the submission of the Affidavit, Detective Westerfield collected trash bags from the curb in front of the Residence. The trash bags contained "multiple mailers addressed to Christopher Royce at 513 Village Avenue, Broken Arrow, OK" as well as "[six] clear bags or torn pieces of clear plastic bags containing a white substance." The white substance tested presumptively positive for fentanyl. The trash bags also contained pieces of foil with burn marks on them, which Detective Westerfield stated are associated with a method used to smoke heroin and fentanyl. Additionally, the trash bags contained multiple uncapped syringes, which Detective Westerfield stated are indicative of intravenous drug use.

4. Detective Westerfield performed a records search and found a speeding citation issued to Defendant in February 2022. During that traffic stop, Defendant was driving a white Impala bearing Cherokee Nation tag CU1895 and provided law enforcement with the Residence address.

5. In the weeks leading up to the submission of the Affidavit, Detective Westerfield conducted surveillance on the Residence and observed a white Impala bearing Cherokee Nation tag CU1895 in the driveway of the Residence on multiple occasions.

6. Twenty-four (24) hours prior to the submission of the Affidavit, officers surveilling the Residence observed a vehicle leave the Residence and drive to and park behind the Napco business at 1701 East Houston Street, Broken Arrow, Oklahoma.

Dkt. No. 48-1 at 2-5.

Defendant's Motion seeks to suppress evidence obtained during the search of the Residence because Defendant argues that the Affidavit did not provide probable cause to support the issuance of the warrant.[1]  Dkt. No. 48.  This Court disagrees.

## DISCUSSION

**A.     Sufficiency of the Affidavit in Support of Probable Cause**

"To be constitutional, a search warrant must issue only upon probable cause." *United States v. Burns*, 624 F.2d 95, 99 (10th Cir. 1980).  Probable cause "requires more than mere suspicion but less evidence than is necessary to convict." *Id.*  To establish probable cause to justify a search, an affidavit in support of a search warrant "must contain facts sufficient to lead a prudent person to believe that a search would uncover contraband or evidence of criminal activity." *United States v. Danhauer*, 229 F.3d 1002, 1006 (10th Cir. 2000).

A magistrate judge issuing a search warrant must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 214 (1983).  In making this determination, the magistrate judge "may draw reasonable inferences from the material provided in the warrant application." *United States v. Rowland*, 145 F.3d 1194, 1205 (10th Cir. 1998).  "A reviewing court should accord great deference to a magistrate's determination of probable cause." *United States v. Reed*, 195 F. App'x 815, 822 (10th Cir. 2006) (unpublished).  The Court's duty is "simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Gates*, 462 U.S. at 238-39.

---

[1] Defendant's Motion also seeks to suppress evidence obtained from Defendant's cellphone. However, following the dismissal of Count Three of the Second Superseding Indictment, this issue is now moot.  Dkt. No. 53.

Additionally, where the judge granting the warrant considered only a supporting affidavit in issuing a warrant, the reviewing court likewise determines the existence of probable cause for the warrant exclusively from the "four corners of the sworn affidavit." *See United States v. Knox*, 883 F.3d 1262, 1272 (10th Cir. 2018); *see also United States v. Beck*, 139 Fed. Appx. 950, 954 (10th Cir. 2005) (unpublished).

### i. Confidential Informant

Defendant first takes issue with the information obtained from the confidential informant. Dkt. No. 48 at 8. Specifically, Defendant argues that because Detective Westerfield learned from "other Narcotics Officers" who learned from an informant who learned from an unnamed truck driver that Defendant was selling fentanyl, there exists "hearsay upon hearsay" which fails to establish the reliability or veracity of the confidential informant's statements. *Id*. at 3.

The Court must apply a "totality of the circumstances" test to determine whether information from a confidential informant can establish probable cause. *United States v. Artez*, 389 F.3d 1106, 1111 (10th Cir. 2004) (citing *Gates*, 462 U.S. at 238). While "veracity, reliability, and basis of knowledge are all highly relevant in determining" the value of a confidential informant's report, "a deficiency in one [factor] may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." *Id*. (quoting *Gates*, 462 U.S. at 233). Specifically, "[w]hen there is sufficient independent corroboration of an informant's information, there is no need to establish the veracity of the informant." *Danhauer*, 229 F.3d at 1006. Information from a confidential informant is reliable where "the informant's statement is reasonably corroborated by other matters within the officer's knowledge." *United States v. Sadlowski*, 948 F.3d 1200, 1205 (10th Cir. 2020) (citing *Jones v. United States*, 362 U.S. 257, 269 (1960) (overruled on other grounds by *United States v.*

*Salvucci*, 448 U.S. 83, 95 (1980))).

The affidavit here clearly shows that the confidential informant's information was corroborated by other information within Detective Westerfield's knowledge. First, as a result of the 2018 warrant, Detective Westerfield had independent knowledge that Defendant used the alias "Yankee," that Defendant was affiliated with the Irish Mob, and that Defendant had previously been located in the Residence in connection with a firearm and trafficking amounts of narcotics. This independent information reasonably links up both Defendant and the Residence to the information provided by the confidential informant.

Additionally, trash bags collected from the Residence near the time of the submission of the Affidavit contained mailers addressed to Defendant at the Residence address, along with baggies containing fentanyl residue. Defendant argues that the fentanyl residue and other narcotics related items discovered in the trash collection is only indicative of drug use, not drug distribution. Dkt. No. 48 at 9. However, the discovery of narcotics residue from a trash collection can corroborate and provide credit to a confidential informant's information regarding drug distribution. *See United States v. Le*, 173 F.3d 1258, 1266 (10th Cir. 1999) (holding that a confidential informant's information was corroborated by a "used ziploc baggie with a white powder residue inside of it" found in a trash collection outside the defendant's residence).[2]

Finally, the search results from Defendant's record and surveillance of the Residence further corroborate the confidential informant's information. For example, the February 2022 traffic stop links Defendant to the Residence and to the white Impala with Cherokee Nation tag CU1895, which was observed at the Residence on several occasions during surveillance in the weeks leading up to the submission of the Affidavit. Further, twenty-four (24) hours prior to the

---

[2] The Court is not persuaded by Defendant's citation to Sixth Circuit case law. Dkt. No. 48 at 9.

submission of the Affidavit, a vehicle was observed driving from the Residence to the Napco business. This provides some connection between the Residence and the Napco business, further corroborating the confidential informant's information.

Because the confidential informant's information was corroborated independently, a showing of the informant's reliability or veracity is not needed. Based upon a totality of the circumstances and taking all the information in the Affidavit as a whole, the Court finds that the information provided by the confidential informant was sufficiently corroborated to support a finding of probable cause.

### ii. Nexus

Next, Defendant argues that the evidence must be suppressed because the Affidavit did not sufficiently supply a nexus between the alleged criminal activity and the Residence, stating that any connection between the two is tenuous. Dkt. No. 48 at 7. Again, this Court disagrees.

"Probable cause undoubtedly requires a nexus between suspected criminal activity and the place to be searched." *Danhauer*, 229 F.3d at 1006 (quoting *United States v. Corral-Corral*, 899 F.2d 927, 937 (10th Cir. 1990)). Therefore, an affidavit in support of a search warrant must contain facts sufficient to lead a prudent person to believe that a search at a particular residence would uncover contraband or evidence of criminal activity. *Id*. (citing *Rowland*, 145 F.3d at 1200). As Defendant notes, Tenth Circuit precedent provides that "when police officers have probable cause to believe that a suspect is involved in drug distribution, there is also probable cause to believe that additional evidence of drug-trafficking crimes (such as drug paraphernalia or sales records) will be found in his residence." Dkt. No. 48 at 7 (citing *United States v. Sanchez*, 555 F.3d 910, 914 (10th Cir. 2009)). Defendant argues, however, that this does not apply here where there is not "any link between illegal narcotics and [the Residence]." *Id*. at 8. This is incorrect.

As discussed *supra*, Defendant's connection to the Napco business, use of the alias "Yankee," and affiliation with the Irish Mob establish probable cause to believe that Defendant is involved in drug distribution, based upon the confidential informant's information. Defendant's various associations with the Residence, including the 2018 search warrant and the February 2022 traffic stop, as well as the results of the trash collection and surveillance of the Residence, establish probable cause that the Residence is in fact Defendant's residence. Given all the circumstances set forth in the Affidavit, the Court finds that the Affidavit contained facts sufficient to lead a prudent person to believe that a search of the Residence would uncover contraband or evidence of criminal activity. Therefore, the Court finds that there is a sufficient nexus between the alleged criminal activity and the Residence to support a finding of probable cause.

**B.      Good Faith Exception**

Under the good faith exception, even if a search warrant is not supported by probable cause, evidence need not be suppressed "if the executing officer acted with an objective good-faith belief that the warrant was properly issued by a neutral magistrate." *Danhauer*, 229 F.3d at 1006. Defendant argues that the good faith exception does not apply in this case. Dkt. No. 48 at 10. Because the Court finds that the search warrant is supported by probable cause, however, the Court need not consider the good faith exception and the analysis ends here.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant Christopher Scott Royce's Motion to Suppress Evidence [Dkt. No. 48] is DENIED.

DATED this 18th day of January 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE